

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8
Los Angeles, CA 90012
Tel: (213) 894-3535

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4750

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(961) 328-4450

**SHERRI R. CARTER**
District Court Executive and
Clerk of Court

F I L E D

**To:**    Clerk, United States District Court
Northern _____ District of California
450 Golden Gate Avenue, 16th Floor
San Francisco, CA  94102-3434

**Re:**    Transfer of our Civil Case No.  CV 08-03810 CAS (PJWx)

Case Title: Courtney D. Townsend v. Peter A. Sullivan

Dear Sir/Madam:

**An order having been made transferring the above-numbered case to your district, we are transmitting herewith our file:**

☐    Original case file documents are enclosed in paper format.
☑    Electronic Documents are accessible through Pacer.
☐    Other: _____

Very truly yours,

Clerk, U.S. District Court

Date:  8/4/2008 _____        By  G. Kami _____
                                        Deputy Clerk

*cc:    All counsel of record*

═══════════════════════════════════════════════════════

**TO BE COMPLETED BY RECEIVING DISTRICT**

**Please acknowledge receipt via e-mail to appropriate address listed below and provide the case number assigned in your district:**

☑    Civilintakecourtdocs-LA@cacd.uscourts.gov    (Los Angeles Office)
☐    Civilintakecourtdocs-RS@cacd.uscourts.gov    (Riverside Office)
☐    Civilintakecourtdocs-SA@cacd.uscourts.gov    (Santa Ana Office)

*E-filing*

Case Number:  **CV 08 3828 MEJ**

Clerk, U.S. District Court

Date:    AUG 1 1 2008 _____        By _____
                                            Deputy Clerk

─────────────────────────────────────────────────────

CV-22 (05/08)        **TRANSMITTAL LETTER - CIVIL CASE TRANSFER OUT**

(PJWx), CLOSED, DISCOVERY, MANADR, TRANSFERRED

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## (Western Division - Los Angeles)
## CIVIL DOCKET FOR CASE #: 2:08-cv-03810-CAS-PJW

Courtney D. Townsend v. Peter A. Sullivan
Assigned to: Judge Christina A. Snyder
Referred to: Magistrate Judge Patrick J. Walsh
Case in other court: Superior Court of CA for the County of
         Alameda, C-851229-9
Cause: 28:1441 Notice of Removal - Civil Rights Act

Date Filed: 06/11/2008
Date Terminated: 08/01/2008
Jury Demand: None
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**CV 08 3828**

**ME J**

E-filing

**Plaintiff**

**Courtney D. Townsend**

represented by **Linda J Cox-Cooper**
P O Box 4829
2535 Oliver Avenue
Oakland, CA 94605
510-451-0539
Fax: 510-225-2924
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Peter A. Sullivan**

represented by **Peter A. Sullivan**
3612 Arlington Avenue
P O Box 56705
Los Angeles, CA 90056
310-936-8946
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 06/11/2008 | 1 | NOTICE OF REMOVAL from Superior Court of CA for the County of Alameda, case number C-851229 with CONFORMED FILED copy of summons and complaint. Case assigned to Judge Christina A. Snyder, Discovery to Magistrate Judge Patrick J. Walsh. (Filing fee $ 350 PAID.), filed by Defendant Peter A. Sullivan. (et) (Entered: 06/12/2008) |
| 06/11/2008 | 2 | CERTIFICATION AND NOTICE of Interested Parties filed by Defendant Peter A. Sullivan. (et) (Entered: 06/12/2008) |
|  |  |  |

| 06/11/2008 | 3 | CERTIFICATE OF SERVICE filed by Defendant Peter A. Sullivan, re Notice of Removal 1 served on 6/10/2008. (et) (Entered: 06/12/2008) |
| 06/11/2008 | 4 | NOTICE TO PARTIES OF ADR PILOT PROGRAM filed. (et) (Entered: 06/12/2008) |
| 06/30/2008 | 5 | NOTICE TO COUNSEL by Judge Christina A. Snyder: This case has been assigned to the calendar of Judge Christina A. Snyder. Counsel are advised that the Court expects strict compliance with the provisions of the Local Rules and the Federal Rules of Civil Procedure. See document for details. (gk) (Entered: 06/30/2008) |
| 07/22/2008 | 6 | REQUEST for Default with Prejudice, against Plaintiff and Respondent Courtney D. Townsend, filed by Defendant Peter A. Sullivan. (gk) (Entered: 07/23/2008) |
| 07/22/2008 | 7 | CERTIFICATE OF SERVICE filed by Defendant Peter A. Sullivan re Notice of Application for Removal of State Court Action 1 , Certificate of Service of Notice of Removal of State Court Action 3 , Certification and Notice of Interested Parties 2 , and ADR Pilot Program Questionnaire, served on 6/12/2008. (gk) (Entered: 07/23/2008) |
| 07/24/2008 | 8 | NOTICE OF DEFICIENCY Re: Request for Default with Prejudice against Plaintiff and Respondent Courtney D. Townsend 6 . The Clerk cannot enter the requested relief as: Defendant is requesting default on an action he removed from Superior Court. Defendant has not filed an answer, nor a counterclaim against the Plaintiff. A Request for Default is thus improper. (gk) (Entered: 07/24/2008) |
| 08/01/2008 | 9 | MINUTES (IN CHAMBERS) by Judge Christina A. Snyder: From the documents that defendant attached to the notice of removal, it appears that this notice of removal pertains to a case, Townsend v. Sullivan, No. C-851229, originally filed in the Alameda County Superior Court. The Alameda County Superior Court is within the jurisdiction of the United States District Court for the Northern District of California. A state court action cannot be removed from the Alameda County Superior Court to the United States District Court for the Central District of California. Accordingly, the Court hereby transfers this action to the United States District Court for the Northern District of California. Original file, certified copy of the transfer order and docket sheet sent. (MD JS-6. Case Terminated.) (Attachments: # 1 CV-22 Transmittal Letter) (gk) (Entered: 08/04/2008) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/07/2008 08:55:36 | | | |
| **PACER Login:** | us4077 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:08-cv-03810-CAS-PJW End date: 8/7/2008 |
| | | | |

| Billable Pages: | 2 | Cost: | 0.16 |
|---|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 08-3810 CAS (PJWx) | Date | August 1, 2008 |
|---|---|---|---|

| Title | COURTNEY D. TOWNSEND v. PETER A. SULLIVAN |
|---|---|

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:    (In Chambers): ORDER TRANSFERRING THE ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

On June 11, 2008, defendant, appearing *pro se*, filed a notice of removal in this Court, asserting federal question and diversity jurisdiction. Plaintiff did not attach to this notice of removal a complaint, as required under 28 U.S.C. § 1446(a).

From the documents that defendant did attach, however, it appears that this notice of removal pertains to a case, <u>Townsend v. Sullivan</u>, No. C-851229, originally filed in the Alameda County Superior Court. The Alameda County Superior Court is within the jurisdiction of the United States District Court for the Northern District of California. 28 U.S.C. § 84(a). Thus, a state court action cannot be removed from the Alameda County Superior Court to the United States District Court for the Central District of California. 28 U.S.C. § 1446(a). Accordingly, the Court hereby transfers this action to the United States District Court for the Norther District of California.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

**ECFHELPDESK/CAND/09/US
COURTS**

08/06/2008 01:49 PM

To  CAND IntakeSF/CAND/09/USCOURTS@USCOURTS,
Rufino Santos/CAND/09/USCOURTS@USCOURTS, Cheri
Borromeo/CAND/09/USCOURTS@USCOURTS

cc

bcc

Subject  Fw: Case ready for transfer

Begin File Transmission (Court: California Central; Case: 2:08-cv-03810) ...
Data transfer status message is: OK.


File Transmission Complete ...
Begin File Preparation ...
File Preparation Complete ...
**Transferred data ready for case opening.**

Thank you,

~The ECF Help Desk for the Northern District of California
http://ecf.cand.uscourts.gov

ECF TIP:
You should only scan documents which exist only in paper. All others should be converted to PDF directly
from your computer.
For more info, please see our FAQ sections.


----- Forwarded by ECFHELPDESK/CAND/09/USCOURTS on 08/06/2008 01:35 PM -----



**cacd_ecfmail@cacd.uscourt
s.gov**

08/06/2008 12:29 PM

To  ecfhelpdesk@cand.uscourts.gov

cc

Subject  Case ready for transfer


CASE: 2:08-cv-03810
    Title  : Courtney D. Townsend v. Peter A. Sullivan
    NOS   : 440 (Civil Rights: Other)
    Cause : 28:1441cv (28:1441 Notice of Removal - Civil Rights Act)
    Remarks: Transferred case to Northern District of California at San Francisco

REASON: Case is ready for transfer from UNITED STATES DISTRICT COURT, CENTRAL DISTRICT
OF CALIFORNIA.

DETAILS: Copy and paste this URL into the Prepare Transferred Case program.

//ecf.cacd.circ9.dcn/cgi-bin/TransferDataFile.pl?file=./cand/cacd_208cv03810_tar.gz&checkSum=21780&f
ileSize=1061975

FILED

2008 JUN 11 AM 10: 56

1    **PETER A. SULLIVAN**
2    **PO BOX 56075**
     **LOS ANGELES CALIFORNIA 90056**
3    310·936·8946

4

5

   **MOVING PARTY:**   **IN PROPRIA PERSONA**
6

7           **IN THE UNITED STATES DISTRICT COURT**

8           **CENTRAL DISTRICT OF CALIFORNIA**

9

10

11   COURTNEY D. TOWNSEND      )      **CASE NO.** CV 08-3810-CAS/A
12                        )
13                        )
                         )
14                        )      **NOTICE OF APPLICATION**
                         )      **FOR THE REMOVAL OF**
15                        )      **STATE COURT ACTION:**
                         )      **C851229-9**
16        Plaintiff & Respondent,    )      **TO THE FEDERAL COURT'S**
                         )      **JURISDICTION PURSUANT TO**
17             -vs-              )      **28 U.S.C. SECTION 1446**
                         )
18                        )
19   PETER A. SULLIVAN          )
                         )
20        Defendant, and        )
       Moving Party.         )
21                        )
22                        /

23

24

25    **TO:**    **COURTNEY D. TOWNSEND And Any Other Interested Parties:**

26    **Please take notice that** Moving Party Peter A. Sullivan hereby submits the

27

28

---

NOTICE OF REMOVAL OF STATE COURT ACTION

```
6/11/2008 11:03:03 AM  Receipt #: 108303
       Cashier : ENAKADA [LA 1-1]
Paid by: PETER A. SULLIVAN
2:CV08-03810
2000-086900      5 - Civil Filing Fee(1)
Amount :                        $60.00
2:CV08-03810
2000-510000     11 - Special Fund F/F(1)
Amount :                       $190.00
2:CV08-03810
2000-086400      Filing Fee - Special(1)
Amount :                       $100.00
Cash  Payment :                 350.00
```

following Application For Removal Of State Court Action, Case Number: **C-851229-9** to the Federal District Court, Central District of California.

The grounds for such removal is being based on claims "arising under" federal law. Namely, as to federal jurisdiction resulting from the Moving Party's application to identify the statutory basis for the claims.

At the time of the filing of the State Court action, and at the time of the filing of this Federal Court Action, and application for removal from State Court to the Federal Jurisdiction, Moving Party, PETER A. SULLIVAN'S citizenship was that of The United States of America, and the Moving Party, PETER A. SULLIVAN'S current residence is that of the State of California.

This matter and this Case is that of complete diversity, as there are no other parties in this Case that have been properly served.

From the allegations set forth in the State court action, filed by the Respondent, (Courtney D. Townsend), the Moving Party PETER A. SULLIVAN believes that the amount in controversy exceeds $75,000.00 [seventy-five thousand dollars].

Equally as important, the complaint pleads and alleges claims "arising under" federal law and there are no absolute expressed prohibition against removal of the federal claims set forth therein.

It has been less than 30 [thirty] days since the service of the documentation from the plaintiff, upon the Moving Party, Peter A. Sullivan.

///

///

**ATTACHED HERETO, PLEASE FIND EXHIBIT #1 [ONE], THE COMPLAINT AND SUMMONS FOR STATE COURT ACTION NUMBER:**

**C-851229-9**

The Moving Party, Peter A. Sullivan has complied with the provisions of Federal Rule 11 and does thereby attach a declaration attesting to the material facts supporting the filing of this motion.

June 10th, 2008

**Peter A. Sullivan**

**Moving Party, In Pro Per:**

# DECLARATION OF PETER A. SULLIVAN
## IN SUPPORT OF MOTION FOR REMOVAL OF ACTION
## FROM STATE COURT TO FEDERAL JURISDICATION

**I, PETER A. SULLIVAN** hereby declares as follows:

I am the **Moving Party** in this action, and the **Defendant** in State Court action

Case Number: C851229-9

Attached hereto as **EXHIBIT #1**, please find a copy of all documentation served

and/or filed in the State Court action, including summons and complaint.

**JUNE 10TH, 2008**

PETER A. SULLIVAN
**Moving Party, In Pro Per:**

**MOVING PARTY:   IN PROPRIA PERSONA**

DECLARATION OF PETER A. SULLIVAN

Page 1

# EXHIBIT

# #1

Case 3:08-cv-03882-CMF-PJW Document 1-2 1 Filed 08/11/2008 Page 7 of 21

Attorney at Law
- Attn: Cox-Cooper, Linda J
2535 Oliver Avenue
P. O. Box 4829
Oakland, CA 94605

PETER A. SULLIVAN
P O Box 56705
Los Angeles, CA 90056-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

TOWNSEND

Plaintiff/Petitioner(s)

VS.

SULLIVAN (DCSS)

Defendant/Respondent(s)
(Abbreviated Title)

No. C-851229

NOTICE OF HEARING (AMENDED)

OSC - Family Law on 08/05/2008 has been
vacated and rescheduled.

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

OSC - Family Law

You are hereby notified to appear at the following Court location on the date and time noted below:

OSC - Family Law:
DATE: 08/21/2008    TIME: 09:05 AM    DEPARTMENT: 1A
LOCATION: Rene C. Davidson Alameda County Courthouse, Second Floor
1225 Fallon Street, Oakland

Dated: 05/09/2008

Executive Officer / Clerk of the Superior Court

By _____
                                    Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 05/09/2008.

By _____
                                    Deputy Clerk

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| TOWNSEND VS SULLIVAN (DCSS) | C-851229 |

ADDITIONAL ADDRESSEES

--- Third Party ---
Alameda County Child Support Services
Attn: Symens-Bucher, Terry
2901 Peralta Oaks Court
Oakland, CA   94605-5319

FL-301

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Linda J. Cox-Cooper, SBN 191438
Attorney at Law
2535 Oliver Avenuee
Oakland, CA 94605
TELEPHONE NO.: (510)451-0539    FAX NO. (Optional): (510)225-2924
E-MAIL ADDRESS (Optional): ljcoxcooper@sbcglobal.net
ATTORNEY FOR (Name): Courtney D. Townsend

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Alameda
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS: 1225 Fallon Street, Room 250
CITY AND ZIP CODE: Oakland, California 94612
BRANCH NAME:

ENDORSED
FILED
ALAMEDA COUNTY

MAY 0 5 2008

CLERK OF THE SUPERIOR COURT
By
VELDA VALENTINE
Deputy

PETITIONER/PLAINTIFF:  Courtney D. Townsend

RESPONDENT/DEFENDANT:  Peter A. Sullivan

| NOTICE OF MOTION | ☐ MODIFICATION | | CASE NUMBER: |
|---|---|---|---|
| ☐ Child Custody | ☐ Visitation | ☐ Injunctive Order | C-851229-9 |
| ☐ Child Support | ☐ Spousal Support | ☒ Other (specify): | |
| ☒ Attorney Fees and Costs | Request and order the Court Vacate its 9/21/07 order for a full Custody Evaluation | | |

1. TO (name):  Peter A. Sullivan

2. A hearing on this motion for the relief requested in the attached application will be held as follows:

| a. Date: 6-12-08  Time: 9:00 a.m.  ☒ Dept.: 1A | ☐ Rm.: |
|---|---|

b. Address of court  ☒ same as noted above  ☐ other (specify):
1225 Fallon Street, Oakland, CA 94612

3. Supporting attachments:

   a. ☒ Completed *Application for Order and Supporting Declaration* (form FL-310) and a **blank** *Responsive Declaration* (form FL-320)

   b. ☐ Completed *Income and Expense Declaration* (form FL-150) and a **blank** *Income and Expense Declaration*

   c. ☐ Completed *Financial Statement (Simplified)* (form FL-155) and a **blank** *Financial Statement (Simplified)*

   d. ☐ Completed *Property Declaration* (form FL-160) and a **blank** *Property Declaration*

   e. ☐ Points and authorities

   f. ☐ Other (specify):

Date: May 2 , 2008

Linda J. Cox-Cooper
_____
(TYPE OR PRINT NAME)

Linda J. Cox-Cooper
(SIGNATURE)

**ORDER**

4. ☐ Time for ☐ service ☐ hearing  is shortened.  Service must be on or before (date):

5. Any responsive declaration must be served on or before (date):

6. If child custody or visitation is an issue in this proceeding, Family Code section 3170 requires mediation before or concurrently with the hearing listed above. The parties are ordered to attend orientation and mandatory custody services as follows:

Date: _____
JUDICIAL OFFICER

**NOTICE:** If you have children from this relationship, the court is required to order payment of child support based on the incomes of both parents.  The amount of child support can be large.  It normally continues until the child is 18.  You should supply the court with information about your finances.  Otherwise, the child support order will be based on the information supplied by the other parent.

You do not have to pay any fee for declarations in response to this *Notice of Motion* (including a completed Income and Expense Declaration (form FL-150) or Financial Statement *(Simplified)* (form FL-155) that will show your finances.  In the absence of an order shortening time, the original of the responsive declaration must be filed with the court and a copy served on the other party at least nine court days before the hearing date. Add five calendar days if you serve by mail within California.  (See Code of Civil Procedure 1005 for other situations.)  To determine court and calendar days, go to  *www.courtinfo.ca.gov/selfhelp/courtcalendars/*.

Form Adopted for Mandatory Use
Judicial Council of California
FL-301 [Rev. January 1, 2007]

**NOTICE OF MOTION**

Legal
Solutions
& Plus

Government Code, § 26826

| | | |
|---|---|---|
| | | **FL-301** |

| | |
|---|---|
| PETITIONER/PLAINTIFF: COURTNEY D. TOWNSEND | CASE NUMBER: |
| RESPONDENT/DEFENDANT: PETER A. SULLIVAN | C-851229-9 |

**7. PROOF OF SERVICE BY MAIL**

    a. I am at least age 18, **not a party to this action,** and am a resident or employed in the county where the mailing took place. My residence or business address is: **436 Fourteenth Street, Suite 716**
        **Oakland, Ca 94612**

    b. I served copies of the following documents by enclosing them in a sealed envelope with postage fully prepaid, depositing them in the United States mail as follows:

        (1) Papers served:
            (a) *Notice of Motion* and a completed *Application for Order and Supporting Declaration* (form FL-310) **and a** blank *Responsive Declaration* (form FL-320)
            (b) [X] Completed *Income and Expense Declaration* (form FL-150) **and a** blank *Income and Expense Declaration*
            (c) [ ] Completed *Financial Statement (Simplified)* (form FL-155) **and a** blank *Financial Statement (Simplified)*
            (d) [ ] Completed *Property Declaration* (form FL-160) **and a** blank *Property Declaration*
            (e) [ ] Points and authorities
            (f) Other *(specify):* **Declaration of Linda J. Cox-Cooper in Support of Motion for Attorney Fees and Costs**

        (2) Manner of service:
            (a) Date of deposit:
            (b) Place of deposit *(city and state):* **Oakland, California**
            (c) Addressed as follows:
                Peter A. Sullivan
                3612 Arlington Avenue
                Los Angeles, CA 90018

    c. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Linda J. Cox-Cooper
           (TYPE OR PRINT NAME)          ▶                  (SIGNATURE OF DECLARANT)



**Request for Accommodations**
Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the proceeding. Contact the clerk's office or go to *www.courtinfo.ca.gov/forms* for *Request for Accommodations by Persons With Disabilities and Response* (Form MC-410). (Civil Code, § 54.8.)

| PETITIONER: Courtney D. Townsend | CASE NUMBER: |
|---|---|
| RESPONDENT: Peter A. Sullivan | C-851229-9 |

## APPLICATION FOR ORDER AND SUPPORTING DECLARATION
### —THIS IS NOT AN ORDER—

[X] **Petitioner**  [ ] **Respondent**  [ ] **Claimant**  **requests the following orders:**

1. [ ] CHILD CUSTODY   [ ] **To be ordered pending the hearing**

    a. <u>Child</u> *(name, age)*　　b. <u>Legal custody to</u>　　　　　　　c. <u>Physical custody to</u>
    　　　　　　　　　　　(person who makes decisions　　　　　(person with whom child lives.)
    　　　　　　　　　　　about health, education, etc.) *(name)*　　*(name)*

    [ ] Modify existing order
    　　(1) filed on *(date):*
    　　(2) ordering *(specify):*

    [ ] As requested in form  [ ] FL-311  [ ] FL-312  [ ] FL-341(C)  [ ] FL-341(D)  [ ] FL-341(E)

2. [ ] CHILD VISITATION   [ ] **To be ordered pending the hearing**

    a. As requested in: (1) [ ] Attachment 2a (2) [ ] Form FL-311 (3) [ ] Other *(specify):*

    b. [ ] Modify existing order
    　　(1) filed on *(date):*
    　　(2) ordering *(specify):*

    c. [ ] One or more domestic violence restraining/protective orders are now in effect. *(Attach a copy of the orders if you have one.)* The orders are from the following court or courts *(specify county and state):*

    　　(1) [ ] Criminal: County/state: _____  (3) [ ] Juvenile: County/state: _____
    　　　　Case No. *(if known):* _____  　　　Case No. *(if known):* _____

    　　(2) [ ] Family: County/state: _____  (4) [ ] Other: County/state: _____
    　　　　Case No. *(if known):* _____  　　　Case No. *(if known):* _____

3. [ ] CHILD SUPPORT *(An earnings assignment order may be issued.)*
    a. <u>Child</u> *(name, age)*　　b. <u>Monthly amount</u> (if not by guideline)
    　　　　　　　　　　　　　　$

    c. [ ] Modify existing order
    　　(1) filed on *(date):*
    　　(2) ordering *(specify):*

4. [ ] SPOUSAL OR PARTNER SUPPORT *(An earnings assignment order may be issued.)*
    a. [ ] Amount requested *(monthly):* $　　　　c. [ ] Modify existing order
    b. [ ] Terminate existing order　　　　　　　　(1) filed on *(date):*
    　　(1) filed on *(date):*　　　　　　　　　　(2) ordering *(specify):*
    　　(2) ordering *(specify):*

5. [X] ATTORNEY FEES AND COSTS  a. [X] Fees: $ 500.00　　b. [X] Costs: $ Actual

---

**NOTE: To obtain domestic violence restraining orders, you must use the forms *Request for Order (Domestic Violence Prevention)* (form DV-100) and *Temporary Restraining Order and Notice of Hearing (Domestic Violence Prevention)* (form DV-110).**

---

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
FL-310 [Rev. January 1, 2007]

**APPLICATION FOR ORDER AND SUPPORTING DECLARATION**

Family Code, §§ 2045, 6224, 6226,
6320–6326, 6380–6383

Legal Solutions Plus

**JACQUELINE KARKAZIS, LCSW (14813) & SHARON L. LAZANEO, Ph.D.(PSB 26756)-PA to Harvey Peskin, Ph.D.**
*Child Custody and Visitation, Mediation & Evaluation*
1939 Harrison Street, Suite 325, Oakland, California, 94612
921 The Alameda, Suite 105, Berkeley, California

Phone No (510) 452-2034  or (510) 559-8353  Fax No (510) 238-5100

April 22, 2008

The Honorable Wynne Carvill
Judge of the Superior Court
Department 1A
1221 Fallon Street
Oakland, CA 94612

Re:  Courtney D. Townsend and Peter A. Sullivan

Dear Judge Carvill:

The above named matter was referred to our office for an
evaluation in May 2007. The Court order appointing our
office provided for Mr. Sullivan to advance evaluation
fees.

Ms. Townsend and Mr. Sullivan contacted our office in or
about May 2007, and we scheduled an all day appointment for
Mr. Sullivan for June 4, 2007 (as Mr. Sullivan resides in
Southern California, we set aside a day to meet with him to
ease his transportation burden). Mr. Sullivan neither
appeared for the June 4, 2007 appointment nor called to
cancel. On June 7, 2007 Mr. Sullivan contacted our office
and indicated he did not have the funds to proceed with the
evaluation.

On March 28, 2008, Mr. Sullivan again contacted our office
and indicated his intention to proceed with the previously
ordered evaluation. We sent him a retainer agreement,
requested our retainer in the form of a cashier's check,
and advised that contingent upon receiving the retainer in
advance, we could meet with him the day of April 30, 2008.
We also contacted Ms. Townsend's attorney to advise of Mr.
Sullivan's call, and requested that her client telephone
our office to schedule an appointment providing there was
agreement that the evaluation proceed.  Mr. Sullivan's
retainer was delivered to our office via U.S. Mail, and as
well Ms. Townsend telephoned to schedule an appointment.

1

On April 16, 2008, we responded to a message from Mr.
Sullivan, at which time he advised he was "canceling the
evaluation" and he requested that we return the retainer
check (which remained undeposited). We notified Mr.
Sullivan that we would return his $6,000 retainer, but we
had spent an hour in making evaluation arrangements and we
were billing for that time ($175.00). We also notified Ms.
Townsend's attorney of Mr. Sullivan's decision. Mr.
Sullivan has forwarded payment for the hour billed, and we
have returned the retainer.

Should circumstances change about the necessity for an
evaluation, we respectfully decline any further involvement
in this matter.

We of course will answer any questions the Court may have
about information presented.

Respectfully,

Jacqueline Karkazis
Sharon Lazaneo

Cc: Linda Cox Cooper
     Peter Sullivan

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name and address)* | **FOR COURT USE ONLY** |

TELEPHONE NO.:                FAX NO. *(optional)*:
ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**
STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS: same as above
CITY AND ZIP CODE: OAKLAND CA 94612
BRANCH NAME: Northern Division

PETITIONER/PLAINTIFF: COURTNEY TOWNSEND

RESPONDENT/DEFENDANT: PETER A. SULLIVAN

OTHER:

ENDORSED
FILED
ALAMEDA COUNTY

SEP 2 1 2007

CLERK OF THE SUPERIOR COURT
By ____ DEBORAH WANZO ____
Deputy

| | |
|---|---|
| **FINDINGS AND ORDER AFTER HEARING** | **CASE NUMBER:** C-851229 |

1. This proceeding was heard
on *(date)*: September 19, 2007    at *(time)*: 9:00 a.m.    in Dept.: 14    Room:
by Judge *(name)* WYNNE S. CARVILL    ☐ Temporary Judge

☑ Petitioner/plaintiff present      ☑ Attorney present *(name)*: Linda Cox-Cooper, Esq.,
☑ Respondent/defendant present      ☐ Attorney present *(name)*:
☐ Other present      ☐ Attorney present *(name)*:
On the order to show cause or motion filed *(date)*: 07/17/2007    by *(name)*: Respondent

2. **THE COURT ORDERS**

3. Custody and visitation:    ☐ As attached on form FL-341    ☐ Not applicable

4. Child support:    ☐ As attached on form FL-342    ☐ Not applicable

5. Spousal or family support:    ☐ As attached on form FL-343    ☐ Not applicable

6. Property orders:    ☐ As attached on form FL-344    ☐ Not applicable

7. Other orders:    ☑ As attached    ☐ Not applicable

8. ☐ Attorney fees *(specify amount)*: $
Payable to *(name and address)*:

Payable    ☐ forthwith    ☐ other *(specify)*:

9. All other issues are reserved until further order of court.

Date: SEP 2 1 2007

JUDGE CARVILL
JUDICIAL OFFICER

Approved as conforming to court order.

▶
SIGNATURE OF ATTORNEY FOR    ☐ PETITIONER / PLAINTIFF    ☐ RESPONDENT / DEFENDANT

Form Adopted for Mandatory Use
Judicial Council of California
FL-340 [Rev. July 1, 2003]

**FINDINGS AND ORDER AFTER HEARING**
**(Family Law—Custody and Support—Uniform Parentage)**

Page 1 of ___
www.courtinfo.ca.gov
American LegalNet, Inc.
www.USCourtForms.com

## Townsend and Sullivan

On September 19, 2007, the parties appeared on the various outstanding matters in the above case. Petitioner was represented by counsel, and Respondent was in pro per. The court rules as follows on the matters submitted.

A.      Contempt

Petitioner alleged 24 counts of contempt, each based on a month in which Respondent failed to pay child support from April 2005 through March 2007. Respondent previously pled not guilty to each count.

The evidence showed a valid court order, actual notice to and knowledge of the order by Respondent, and a failure to pay the required support. The disputed issue was willfulness. The defense was that Petitioner had secreted herself away with the children and was actively trying to hide from Respondent. The rebuttal was that the checks could have been sent care of Petitioner's parents, whose address was well known and who had served as a conduit between the parties for years. In December of 2006 Respondent discovered the whereabouts of Petitioner and the children, but did not resume payment. His defense for this latter time period was lack of funds due to job loss and expenses incurred in moving to Georgia (where Petitioner had relocated prior to her disappearance) and in searching for her.

The court finds that Petitioner failed to carry her burden of proof on the counts based on the failure to pay from April 2005 through December 2006. The support obligation was to pay Petitioner; it was not to make payments to others who might

forward the money to Petitioner.[1] While Petitioner's conduct does not extinguish the debt,[2] it does go to the willfulness element. She cannot complain that there was a willful failure to pay *her* when *she* was in hiding.

Once Petitioner and the children's whereabouts were discovered, Respondent cannot rely on his financial condition to avoid the obligation to pay. His statutory obligation was to pay support into an account while Petitioner was in hiding. His remedy for her misconduct was to seek the aid of the court in changing custody due to her obvious attempts at alienation. If his changed economic circumstances made the earlier support obligation too onerous, his remedy was to apply for modification. But having not sought to modify support, and having failed to put the money away in a separate account to pay when she re-appeared, he cannot now excuse his non-payment in January, February and March. Accordingly, the court finds him guilty on the 22nd, 23rd and 24th counts of contempt: January through March 2007. Sentencing is continued to a date to be determined at the next hearing in this matter.

B.    Support

Respondent maintains that he cannot afford the current support order. Initially, the court was inclined to remind Respondent that, in the event he wishes to change support, he needs to file an OSC supported by an updated I&E. However, the court has since noted that in Respondent's April 4th response to an earlier OSC re child support

---

[1] Notably, there was no evidence of an order to pay to DCSS. The latter kind of order would have been enforceable by a contempt action brought by DCSS. If such an action had been brought, it might also have triggered a motion to modify and/or led to a hearing that could have addressed Petitioner's disappearance.

[2] One court has summarized the current state of the law quite simply: "a judgment for child or spousal support, once entered, is per se enforceable *until paid in full*." *Marriage of Hamer* (2000) 81 Cal.App.4th 712, 722 (emphasis original). There is no authority for entertaining equitable defenses under the current circumstances.

filed by Petitioner, Respondent *did* request that child support be modified to "guideline" and suggested that a guideline calculation would result in child support being paid by Petitioner. As Petitioner has full physical custody, the later result is at best, far fetched, but the court does recognize Respondent's filing as triggering a need to recalculate guideline support. Apparently, that request has not been acted upon.

Since there is a request for a guideline determination at least as of April 4th that has not been ruled upon, the court has jurisdiction at least for the period of April 2007 forward. Both parties are directed to file updated I&E's with current pay stubs attached or file a brief declaration affirming that all of the information in an earlier I&E (specify the date) is still current in all respects. At the next hearing the court will consider what is the current guideline support and also address how Respondent should address his arrearage that has been accruing since April 2005.

Until the next hearing, the court sets child support at $500/month effective immediately and reserves jurisdiction back to April 2007 to set an appropriate level of support based on current I&E's. A schedule for paying arrears shall also be set at that time once the court has current I&E's. This *temporary* reduction may provide some short-term cash flow relief to Respondent so he can address the expense of a custody evaluation and supervised visitation as outlined below.

C.     Custody Evaluation

The parties have not proceeded with the custody evaluation. They need to. As the court reviews the history of this case, it concludes that each bears some responsibility for the current disastrous state of affairs. Petitioner, for example, hid herself and the children from Respondent for a period of time, which has substantially contributed to the risk of

alienation of the children from the father. She should be responsible for *at least* 50% of

the cost of the custody evaluation. Respondent shall advance the entire amount, and half

of whatever he pays will be credited against the outstanding child support arrearage. The

other half may eventually be charged to Petitioner as well, but that need not be decided

now. However, even if *all* of the cost of the evaluation were eventually to be charged to

Petitioner, Respondent would still owe back support. Accordingly, *regardless of the*

*ultimate allocation of the cost of the evaluation*, he must at least advance the costs of the

custody evaluation. Any other approach would simply increase Respondent's outstanding

indebtedness to Petitioner. He is ordered to pay the costs of the evaluation if he wants

visitation to expand beyond what is provided herein below.[3]

    D.    <u>Visitation</u>

The court has previously ordered supervised visitation. It has been the court's

intention to have a period of supervised visitation, to review the results and then to

consider phasing in unsupervised visitation. While it might be preferable to have the

custody evaluation precede these changes in the status quo, the longer it is before the

father sees the children the more difficult any reunification process may be. In addition,

the court is mindful of the fact that the quality of the custody evaluation will be improved

if the evaluator has an opportunity to observe the father with the minors and has reports

from the supervised visitations. The court is also concerned that barring all visitation

until the custody evaluation is completed may improperly "reward" Petitioner for hiding

---

[3] The same analysis applies to the cost of visitation and transportation to the Bay Area to see the children. Even if some or all of these costs were imposed on Petitioner, Respondent would *still* owe a balance to her. The court reserves jurisdiction to re-allocate the cost of transportation and visitation, but for now at least Respondent must front those costs. If relief is ultimately determined to be appropriate, it may be granted as a credit against the substantial debt for back child support.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Peter Anthony Sullivan | Courtney D. Townsend |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| IN PRO PER<br>PO Box 56705<br>Los Angeles California 90056 | Linda J. Cox-Cooper<br>2535 Oliver Avenue<br>Oakland California 94605<br>510-451-0539 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
CIVIL RIGHTS VIOLATION

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
    ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
    ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
    ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alameda |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Alameda |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date 06/10-2008

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Christina A. Snyder and the assigned discovery Magistrate Judge is Patrick J. Walsh.

The case number on all documents filed with the Court should read as follows:

## CV08- 3810 CAS (PJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| **[X] Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | **[_] Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | **[_] Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY